May it please the court, counsel. I'm Joy Schiffer-Miller. I'm here on behalf of Ronda Marsh who was briefly an inmate at the Phelps County Jail. I think you can adjust that microphone so we can be sure to hear you. Thank you. Thank you. And while she was briefly an inmate at the Phelps County Jail, she was sexually assaulted by a guard that was working there. This case comes before you on a motion for summary judgment that was granted with respect to Sheriff Gene Samuelson in his individual and official capacities, Penny Gregg, lieutenant, who was in charge of the jail, and the official capacity of Louis Campagna, who was the Your honors with respect to his official capacity claim He is a party to this appeal his individual claim was separated and separately docketed so we could proceed on this appeal and There's been a motion for default judgment granted against him But damages are awaiting the outcome of this appeal to see if there's more parties that need to be assessed So to the effect it's an official capacity claim it remains What do you mean? It was separated and separately docketed so that you could proceed with this appeal that on a face of it That sounds like it was something was done to avoid the final judgment rule Well, I First of all, I think that that probably was the effect of it It was separately docketed But I mean was he originally a defendant in this case Campana he was How did it end up getting separately docketed? Your honors. I think I set that out in my brief that after in the statement of the case piece of my brief that after the Motion was granted with respect to this case and he was in default of answer That it was determined that it would be separately docketed so that the default could be entered against him and So it was and so it was set out separately and my appeal came So that is I just wonder if that creates a jurisdictional problem now that you explain it that way that there's still a pending defendant in this case and The requirement of a final judgment as to the whole case before you appeal well, I don't believe that he is As an individual in this case any longer. He is at a separate docket end page It was not we normally wouldn't allow I don't think a party to just separate part of the case into a different docket number in order to avoid the final judgment rule and appeal a Partial-judgment, I do understand what you're saying. Did you file a motion to separate him out? Your honors. I would have to I'm going to study that while The other side will be arguing and I'll bring that up go ahead, and I know you want studying it right now your honors But it is our position that with respect to in any event is that defendant in as you suggest in federal court or Did you move him to state court or something like that? No, he's in federal court He's just before judge cup He was in this case and now he's before judge cup in a separate case because you somehow got him separated out after this Order was entered. It's that would be true, but I believe it's in front of Judge Girard All right It's in front of the US but it is in front of the US District Court for the District of Nebraska That is true, and there is a default entered against him Now with respect to the issues in this case as I indicated this comes before you on a motion for summary judgment we're in judge Magistrate Zwart initially found that there was no dispute as to material fact and that the Defendants were entitled to judgment as a matter of law on all of the claims except for mr. Compagnia and Compagnia individually and We submit that that is an error and the best case that we have toward that end is the Collie case Collie versus Leonard in that case the Defendants in that case Argued that they were not subject Lee Subjectively aware that the plaintiff was being sexually assaulted And the court this court the Eighth Circuit Court of Appeals found that you don't have to be subjectively aware That a person is being sexually assaulted, but you have to know that she's at substantial risk of being sexually assaulted We believe the evidence that this case is indistinguishable really from that case with regard to mr. Compagnia in this case he had worked for the Department of Corrections For a period of about two years During that time. He was consistently in the woman's cell block and he was not with women By that I mean corrections officers who are required to be Tending to the women inmates. He was there on his own accord He was often outside of the area where a person could see what he was doing He was flirtatious when the inmates they would make reference to toothbrush holders that they used as Objects to masturbate with and he would would not react because he knew what they were doing. He was seen to Two short months before my client was sexually assaulted he was seen to be looking at women's the woman's cell block for a Reported to Penny Gregg and She basically chided the corrections officers to tend to their own business and not worry about what the other Corrections officers are doing. That's I'm Paraphrasing there, but that is what was done with regard to that. We submit that there's a least report of the first physical contact between Compania and any inmate that put The Leadership in the facility on notice that he was a threat physically to inmates well in July There was an inmate that came forward that was released from the jail And she said she let them know what was going on and that's when they knew the full extent of it however, it had been reported that he had Put his hand on the inmate shoulders All the flirtatiousness and the fact that he spent a lot of time in the inmates cells much before that and so we submit that there was a Substantial risk that a woman would be sexually assaulted that that miss Greg and mr. Samuelson knew of that certainly before Before long before that inmate actually came forward and said there was a sexual assault going on Also with respect to this case your honors it is our contention that mr. Compagnia having been made into a corporal in May and was the head shift supervisor He was an agent of the county and he was acting in his official capacity While he was sexually assaulting these women Including my client, what's the status of the case against? Mr. Campana as an individual? Where is that your honor? It's on it's on a stay because the court Decided that it should be stayed until this issue is decided to see if there are other defendants who might be financially responsible for this To my client as well You So that is the status of the case and so all of these allegations that you are Giving us here now haven't been Proven. I mean, it's there's no final Answer on them. No litigation there. It's just well, there's a default judgment against. Mr. Compagnia Because he did not answer in the the lawsuit and he had been criminally prosecuted For doing this. There's little doubt that he did it It's just whether or not The other parties are liable or whether the county is liable and I submit that the county is liable for what? Mr. Compagnia did with his uniform To be connected with your client pardon or how that happens to be connected with your client. What do you mean? well, you're you're as I understand you you Are saying that she should prevail because of what? Mr. Compagnia did and there is No, I'm confused about how he fits into your scheme here. He sexually assaulted her He had her stand at the med cart and he put his he digitally penetrated my client When she was an inmate at the jail, and he was a corporal and you're trying to say the county is Accountable for that. I am Because this it was in the course and scope of his employment that he was doing respond to yet superior theory Number one with respect to mr. Compagnia himself He was a corporal in well that says to him but I'm talking about right reaching the county No, we're using a respondeat theory. I am NOT. I am using the theory that I heard you use the Courts of his employment. Well, that's with respect to mr. Compagnia himself, but with regard to the others They were they were aware that they were putting her at substantial risk What is your theory against the county because they knew he was going down there Against their policies supposedly their written policies but they knew he was spending substantial time in the woman's cell block outside of the area where they could see what he was doing just like in the Kali case and So we believe that they placed her at risk of this substantial Bodily harm to do this your honors. I see I'm into my rebuttal time. So I will Reserve the rest for rebuttal. Thank you. Thank you. Mr. From miss Johnson It please the court and counsel, my name is Brandi Johnson I represent Phelps County its sheriff Jean Samuelson and its lieutenant penny Greg who are the supervisory officials? named in this matter This case largely centers on qualified immunity this court's review must consider whether lieutenant Greg or sheriff Samuelson actually subjectively knew that there was a substantial risk of sexual assault to female inmates Based on the information that each of them personally  And that legal standard Here is so important and I think it adds some clarity to break it down a bit further into its component parts the actual subjective knowledge Component of the standard means that we're not here to consider what with the benefit of perfect 2020 hindsight Ms. Marsh or anyone else thinks lieutenant Greg or sheriff Samuelson quote-unquote should have known That would be an objective standard that would be directly contrary to u.s Supreme Court precedent and farmer versus Brennan the standard is subjective and one of actual knowledge so it means more than just mere suspicion and the substantial Word in the standard is also critical because it entails more than just knowledge of a mere possibility of harm a Slight risk of harm. It must be actual subjective knowledge of a substantial risk of harm and My opposing counsel mentioned the Cali case in her opening argument and that case is easily Distinguishable from the the circumstances of this one I think the clearest way to distinguish it from this case is that that was essentially a direct participation case where an individual Was denied qualified immunity on the basis of disputed facts about when he was actually Present and whether he actually saw a male guard go into a female inmate cell and saw him kiss her There were disputed facts in that case in that regard. So it was essentially a direct participation case But there's no allegation here that lieutenant Greg or sheriff Samuelson Actually had any direct participation in mr Campagna's illegal sexual assault acts on inmate that were done secretly and deceptively by him This is a supervisory liability case and the supervisory liability standard is governed by precedent of this court and It's it's relatively clear that in cases that are cited in my briefs such as the Paris versus Versus ball case and the the Norman versus Lutz key case are a couple of those Where the standard is laid out that for supervisory liability there has to have been a past pattern That's known to the supervisor. That's individually named of Conduct in the past by this subordinate employee or other subordinate employees. That was that is very similar to the type of Misconduct that's alleged in the civil case in this instance sexual assault and it also has to be sufficiently egregious to be Actual knowledge by the supervisors that this was going on Absolutely. The standard entails actual subjective knowledge of a substantial risk of sexual harm. Is there any allegations here that? they Knew that this was happening to miss Marsh. Is that absolutely none your honor the first notice that any of the supervisory officials had of any Sexual physical conduct by mr. Campana or any guard for that matter with a female inmate was the July 11th 2012 complaint of a former inmate that Resulted in mr. Campagna's immediate suspension an immediate investigation being launched Turned over to the State Patrol within 48 hours and resulted in his termination and that immediate action By lieutenant Greg and Sheriff Samuelson is part of the the evidence in this case That justifies the summary judgment because it shows that they didn't have that actual subjective knowledge of a substantial risk of harm and that type of conduct was considered important in cases like the the Walton versus Dawson case and also I Bring to the court's attention another case that I think is is very relevant to the standard here the SM versus Craig bomb case It's a 2015 8th Circuit case the citation. It's it's not on my brief So I'll mention the citation is 808 f 3rd 335 and in that case it very clearly lays out that supervisory liability standard in the requirement that the Supervisor have been aware of past misconduct by the subordinate that is very similar to that alleged in the present case and also Sufficiently egregious to establish that actual subjective notice component. How does mr. Campagna's apparent default in the case against him affect this case He he's not involved in this case whatsoever I'll try to clarify for the court a little bit based on the prior questions the knowledge that's necessary for The plaintiff to prevail here. I'm sorry. Could you repeat? This is how does his default in that case Which he's apparently Accepting the allegations as being true Play out in terms of knowledge of the people that are Sued in this case, I don't think it has any impact at all Essentially for purposes of this appeal the seriousness of mr. Campagna's conduct is assumed But what's at issue here is did the supervisor actual supervisors that are named actually subjectively No and they didn't know the fact that he's defaulted in this subsequent case and Admitted what he did after the fact and after investigation has no impact on their knowledge at the time That he was in play and that's not alleged in the case against Campagna this knowledge Uh, no, I don't believe that's a component of the case against mr. Campagna that's just been separated and defaulted out There was a stipulation to sever that case which I think is permissible And that's how we end up where we are where only the supervisory officials are involved in in the appeal What do you mean? It's permissible It may be permissible in terms of what what do you mean is permissible I'm concerned about whether you're suggesting that parties can After a district court Resolve certain claims in a lawsuit stipulate to sever the remaining claims in order to facilitate an immediate appeal of a partial judgment Sounds like what may have happened here and I wonder whether that we should allow that As best I can recall we we did enter into a stipulation under the federal rules for a severance that was granted by the court and to And I don't think it was with any ill will except that it's entirely separate issues Just as if mr. Vermeuler had decided to file the cases separately One against mr. Campagna and one against the county and its supervisors. That's the I guess end result of what we have But there's no thread of knowledge that leads from the Campagna case to the parties in this case Because of His default there. No, I don't think His default as it has any impact on on their knowledge because the key time period here is the Knowledge that lieutenant Gregor sheriff Samuelson had during the time period of mr Campagna is employment and prior to his suspension Obviously, they can't take preventative action based on things that they facts or information that they don't have at that time So the fact that he later admitted that he Engaged in this in conduct or at least defaulted in the separate case against him would have no impact on those supervisors scope of knowledge during the time period of his employment Which is which is the key here and I'll mention to that. Ms. Schiffer Miller referenced in her argument several in several things about mr. Campagna's past that are part of the Evidence here, but it I think it's important to point out that some of the evidence in this case is outside that scope of what? Lieutenant Gregor sheriff Samuelson knew during the time period of mr Campagna is employment because there are investigative reports in the in the record that were Generated after he was suspended after mr Campagna was suspended and those facts were not that some of the facts you mentioned like the flirtatious conduct That mr. Campagna engaged in and that inmates were using objects To masturbate those things were not known or that he had a hand on an inmate shoulder Those things were not known to lieutenant Gregor sheriff Samuelson under this record at the time of his employment and The the night incident that was referenced by miss Schiffer Miller is really not I respectfully disagree with her Characterization of what occurred there what occurred is a correctional officer submitted an email to lieutenant Greg saying Essentially she's had seen on surveillance camera and inmate doing inappropriate things. She didn't mention. Mr Campagna by name she just insinuated Well anybody who was on duty on this other shift should have maybe should have done something different or maybe they were watching Essentially so lieutenant Greg Investigated that complaint and determined that it was unfounded. She looked at the shift records as to who was on duty She determined that mr Campagna was in master control But she reviewed the surveillance and was able to see that he was not focusing on the camera during the inmate nights masturbation conduct He and there were other officers in and out of the master control office at that time They appeared to be performing regular duties The other officers were checking it through the cell blocks and miss Knight seemed to be trying to hide her conduct So that incident was investigated and was determined by lieutenant Greg to be unfounded and so it can establish that she had subjective knowledge of a substantial risk of harm And I want to also address the claims by the appellant against the county it seems in the argument that's been presented today that That mr. For Miller is claiming that because mr Campagna was promoted to a corporal that there would be some kind of respondee at superior Liability on the county for his acts and that's not the case. This court is well aware There's no respondee at superior liability under 42 USC 1983 the county can't be held vicariously liable for what? Mr. Campagna did it can only be liable for its its own Actions and other in those actions have to come in the form of policy training and the county submitted ample evidence at the summary judgment stage that the Policies of the county did not condone this kind of conduct as it was prohibited. There were professional demeanor policies anti-sexual harassment policies codes of ethics the case also bears out you're not required to actually put in a policy manual or in your training that Guards you're not allowed to sexually assault inmates. That's a given because it's a matter of state law But the the policies did prohibit this kind of conduct. Mr. Campagna engaged in secret Deceptive actions in in the jail that were not able to not ever He was never caught in the act by any of his fellow employees who actually did work shifts with him He was being manipulative and deceptive in his in his conduct And it wasn't anything of what that was It was done essentially in spite of county policies and training and not because of it Because of the policies and training and that's why the summary judgment in the county's favor was appropriate now There seems to be some illusion here in appellants argument that because mr. Campagna was a corporal Maybe the argument is that he's some kind of a final policy maker But that's clearly not the case that this court's precedent provides that Final policy makers are determined by as a matter of state law State law in this case is that the final policy makers that Phelps County are its is its County Board A corporal at the jail doesn't have final policy making authority to bind the county to to his actions, so that's not an appropriate basis for any kind of of county liability and the Claim against mr. Campagna in his official capacity is under this court's precedent a claim against the county So that it's it's a it requires that county policy Training or something of that nature to have been unlawful and have been the cause of his conduct But again, he didn't act because of county policy. He acted in spite of county policy when in reference to to mr. Campagna Based on this record miss Marsh can't overcome Lieutenant Greg and Sheriff Samuelson's entitlement to qualified immunity because there's insufficient evidence to support that either of these supervisory officials actually subjectively knew of any Substantial risk of harm to female inmates prior to the time that they received the Baker complaint on July 11th 2012 and immediately acted to suspend and ultimately terminate mr Campagna, and there's no basis for county liability therefore on behalf of my clients. I respectfully request that the district court decision be affirmed Thank You mr. Johnson Schiffer Miller your rebuttal Having refreshed my recollection as far as what happened with splitting the other case out It is true that we filed a joint motion to sever the claims against defendant compact Campagna in his individual capacity only and that was separately docketed. It's on page 1 on the jurisdictional statement of my brief With respect to that I at the time I believed we could go forward and get our default judgment and have the judge determine the money damages as to mr Campagna and go forward with the appeal but it didn't happen that way because judge Gerard thought it better to wait for the this case is decision with regard to miss Johnson's comments about the the difference in the colleague case and our case the colleague case Specifically had to do with whether or not They knew that the defendant in the colleague case was sexually assaulting the individuals and the 8th Circuit said You know Factually the jury could believe that they did not know but if they could believe that it didn't know that they would have to ignore the fact that He was going into the areas of the jail where the women were And that's the very same thing that we have going on in this case It is not it is on all fours with this case Factually there is sufficient evidence that a fact finder could weigh the evidence and they may decide That it was reasonable, but they may decide it wasn't reasonable and I submit in this case that there's sufficient evidence To go to a jury and have the jury decide whether they were deliberately indifferent to my clients Rights to not be sexually assaulted while she's in jail for a short time I do submit that the the Hafer versus Melo case from the United States Supreme Court that discusses the different ways to sue an individual whether you sue someone Individually or in their official capacity, you know Definitely in that case the state was trying to say that the person was only in their individual Capacity or they were saying it was in their official capacity in order to try to avoid liability in the person's individual capacity But in this case, I submit to you that Mr. Campagna had been clothed with the corrections officers accoutrements, I mean he was Acting in his capacity as a corrections officer, and I think he's both individually and officially liable for what he did On his own it's not that I'm saying respondee. I think you're confusing what if what? official liability means or liability in in a capacity as an officer for Governmental entity. Well, I submit that he's liable under both aspects, but I also with respect to the other Defendants in this case submit that there is sufficient evidence Factually for the the fact finder to determine that they were deliberately indifferent With what they knew they were letting him go in the women's cell block for long periods of time They wrote him up on his evaluations and said you need to watch yourself around the women You need to spend less time there and that was miss Greg that said that so she was aware That he was doing that she might not have been aware of every little thing But she was aware of enough to make it a factual issue Thank you. Thank you judge Court thanks both counsel for your presence before the court this morning the argument you've provided to the court in the briefing We will take the case under advisement. You may be excused Madam clerk, would you call case number three for the morning? The next case for argument is Thompson awning versus Fullerton